DECISION
{¶ 1} Renee M. Bowen filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its orders denying her applications for wage loss compensation, and which compels the commission to enter new orders granting the compensation.
 {¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision (Attached as Appendix A). The magistrate's decision includes a recommendation that we grant a limited writ of mandamus.
 {¶ 3} Renee M. Bowen's former employer, Do It Best Corp., has filed objections to the magistrate's decision. The case is now before the court for a full, independent review.
 {¶ 4} Ms. Bowen was working as a packer for Do It Best Corp. when she injured her back. She initially received temporary total disability compensation, followed by living maintenance compensation.
 {¶ 5} In March of 2001, she began working for Spherion Staffing at a rate of $9 per hour. She worked more than 30 hours per week for five weeks, and 40 hours per week or close to that number for three of the five weeks.
 {¶ 6} Ms. Bowen next began working for Integrity Staffing Services for over 30 weeks. The number of hours she worked varied from week to week, with four of the weeks being 40 hours or more per week. Her hourly rate for Do It Best Corp was over $3.50 more than at Spherion Staffing, and over $4.50 per hour more than at Integrity Staffing Services.
 {¶ 7} The commission denied wage loss compensation based upon a finding that Ms. Bowen was not engaged in a good faith effort to search for suitable employment which was comparably paying work to the work she had at Do It Best Corp. The magistrate has accurately made the findings which show the flaws in the commission's determination, especially for the weeks when Ms. Bowen worked close to 40 hours per week. The commission does not expect a person who has had their job potential limited by an on-the-job injury to work a full week and also engage in an extensive job search at the same time.
 {¶ 8} We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We, therefore, grant a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the December 13, 2001 and June 17, 2002 orders of its staff hearing officers and, enter new orders adjudicating the two applications for wage loss compensation.
Objections overruled; writ of mandamus granted.
BOWMAN, J., concurs.
KLATT, J., dissents.